Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>RAMÓN LUIS COTTO RAMOS<br><br>Peticionario | KLCE202500640 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Criminal núm.:<br>E VI2020G0012,<br>E LA2020G0143,<br>E LA2020G0144<br><br>Por:<br>Art. 93 CP,<br>Art. 5.04 Ley 404,<br>Art. 5.15 Ley 404 |
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>RAMÓN LUIS COTTO RAMOS<br><br>Peticionario | KLCE202500649 | |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz.

Sánchez Ramos, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de junio de 2025.

Durante un juicio penal por jurado, el cual inició hace casi tres años, el Tribunal de Primera Instancia ("TPI") denegó una solicitud de la defensa de prohibir que uno de los testigos del Ministerio Público declare sobre ciertas gestiones que realizó como resultado de una declaración que no se admitirá en evidencia, así como otra solicitud dirigida a suprimir la prueba obtenida como

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre *Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones*. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron los correspondientes recursos anteriores (KLCE202200899 y KLCE202301288).

Número Identificador
RES2025_____

resultado del diligenciamiento de unas órdenes de allanamiento por razón del manejo de los documentos pertinentes por el tribunal. Por las razones que se exponen a continuación, en el ejercicio de nuestra discreción, declinamos la invitación de la defensa a intervenir, en esta etapa, con las decisiones recurridas.

I.

Por hechos acontecidos el 8 de mayo de 2019, el Ministerio Público presentó varias denuncias en contra del Sr. Ramón Luis Cotto Ramos (el "Acusado"). En esencia, se le imputó causarle la muerte, mediante múltiples disparos, al Sr. Josué Arturo Almena Guzmán. En diciembre de 2020, el Ministerio Público presentó las correspondientes acusaciones. Según expone el Acusado, **el juicio por jurado comenzó en agosto de 2022 y aún no ha culminado**.

En mayo de 2025, el Acusado presentó una *Moción de Supresión* (la "Primera Moción"). Expuso que, en el 2021, el TPI había expedido dos órdenes de allanamiento en su contra (las "Órdenes"). Planteó que, "una vez completado[s] los allanamientos, el magistrado remitió las órdenes diligenciadas, el inventario de ocupación, las declaraciones juradas y la evidencia ocupada directamente a la Fiscalía, y no al tribunal". Señaló que la "evidencia permaneció bajo el control exclusivo de la Fiscalía durante un periodo que supera los dos años". Arguyó que, según la Regla 233 de las de Procedimiento Criminal, el TPI debió, en vez, enviar los referidos documentos y la evidencia a la sala correspondiente del TPI. Afirmó que la "custodia por parte del Ministerio Público genera una presunción de parcialidad e irregularidad". Solicitó que se declarara como "inadmisible" toda la evidencia ocupada como resultado de las Órdenes.

Mediante una Resolución notificada el 9 de mayo (la "Primera Resolución"), el TPI denegó la Primera Moción. El TPI razonó que tanto las Órdenes, como sus declaraciones juradas e inventarios,

"fueron entregados a la defensa previo a comenzar la desinsaculación del jurado". El TPI también hizo constar que la defensa no está impugnando la validez de las Órdenes o los allanamientos correspondientes. Concluyó que la omisión señalada por la defensa no era "imputable al Ministerio Público y no conlleva la supresión de la evidencia objeto del inventario".

Inconforme, el 9 de junio (lunes), el Acusado presentó uno de los recursos de referencia (KLCE202500640), en el cual reproduce lo planteado en la Primera Moción.

Por otra parte, el 8 de mayo de 2025, el Acusado presentó un *Memorando de Derecho y de Solicitud* (la "Segunda Moción"). Señaló que el agente Cruz Luna Vázquez (el "Agente") había llegado al "Hospital de Veteranos … como resultado directo de la información ofrecida por el señor Ramón Cotto Rosa, padre del acusado" (el "Padre" o "Declarante"). Consignó que, una vez en el hospital, su personal "le entregó al agente un arma de fuego ocupada" el día antes, y que la misma "es evidencia que el Estado pretende utilizar".

El Acusado arguyó que, como el Padre no estaba disponible para declarar, "cualquier intento de presentar" el testimonio del Agente "como si fuese fruto de una 'investigación' autónoma constituiría prueba de referencia inadmisible". Objetó el que el Agente declare que, "según su investigación, decidió trasladarse al Hospital de Veteranos". Afirmó que "esta formulación, intencionalmente ambigua, intenta ocultar la verdadera fuente de información: una declaración testimonial de un testigo no disponible". Solicitó la exclusión de cualquier testimonio del Agente sobre lo actuado por este, en la medida que ello haya sido resultado de la información ofrecida a las autoridades por el Padre.

El 12 de mayo, el TPI notificó una Resolución (la "Segunda Resolución"), mediante la cual denegó la Segunda Moción. El TPI consignó que no se ha planteado que el Padre hubiese informado a

las autoridades sobre el número de serie del arma. Además, razonó que, al haberse incautado por el hospital "un arma de fuego a un ciudadano carente de licencia de armas, la notificación a la Policía de Puerto Rico era ineludible", por lo cual, en todo caso, "aplicaría tanto la doctrina del descubrimiento inevitable como la doctrina de la fuente independiente".

El TPI también expuso que, como cuestión de derecho, y contrario a lo que sostiene la defensa, el Agente sí puede declarar sobre lo que él haya observado o incautado "en la escena producto del traslado" a la misma, aunque el traslado sea producto de "prueba de referencia inadmisible". El TPI concluyó que "un asunto es la inadmisibilidad del testimonio ... que da base al traslado del agente, el cual es inadmisible, y otro es el testimonio del agente de lo observado/incautado en la escena como corolario del traslado, el cual somos del criterio es admisible".

El 11 de junio, el Acusado presentó el otro recurso de referencia (KLCE202500649)[2], en el cual reproduce lo planteado en la Segunda Moción. En esencia, arguye que el testimonio del Agente "es improcedente porque se basa y se deriva de las declaraciones inadmisibles" del Padre. Disponemos.

II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe

---

[2] Por tratarse de recursos provenientes de un mismo trámite ante el TPI, por la presente se ordena la consolidación de ambos.

ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40 ("Regla 40"), establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La denegación de una petición de expedición del auto de *certiorari* no impide a la parte afectada reproducir su planteamiento en apelación. *Torres Martínez, supra.*

III.

Considerados los factores de la Regla 40, *supra*, hemos determinado, en ejercicio de nuestra discreción, denegar los autos solicitados mediante los recursos de referencia. No es aconsejable nuestra intervención en esta etapa de los procedimientos, lo cual dilataría innecesariamente la solución final de este caso. Regla 40(E) y (F) de nuestro Reglamento, *supra*.

Resaltamos que, luego del correspondiente juicio, y si le resultase adverso el fallo, el Acusado estará en libertad de reproducir sus planteamientos en apelación, por lo que tampoco

estamos ante una situación en la que se requiera nuestra intervención, en esta etapa, para evitar un fracaso de la justicia. Véase Regla 40(G) de nuestro Reglamento, *supra.*

IV.

Por los fundamentos antes expuestos, se deniega el auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones